UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO SOSA-OLIVARES,<br><br>Petitioner,<br><br>v.<br><br>E. VALENZUELA, Warden,<br><br>Respondent. | No. 2:14-cv-2457 DAD P<br><br><br><br>ORDER |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the court will grant petitioner's application to proceed in forma pauperis. See 28 U.S.C. § 1915(a).

**BACKGROUND**

In his petition, petitioner challenges a 1997 judgment of conviction entered against him by the Sacramento County Superior Court for first-degree murder with use of a firearm. The trial court sentenced petitioner to twenty-five years to life plus ten years in state prison. Petitioner unsuccessfully appealed from his judgment of conviction. (Pet. at 1-2.)

On June 22, 1999, petitioner filed a federal petition for writ of habeas corpus in this court challenging this same 1997 judgment of conviction and sentence. See Sosa-Olivares v. Hubbard,

1

No. 2:99-cv-1214 GEB JFM P.[1]  In that earlier filed case, United States Magistrate Judge John F. Moulds issued findings and recommendations, recommending that petitioner's application for a writ of habeas corpus be denied.  On March 12, 2001, United States District Judge Garland E. Burrell adopted those findings and recommendations in full and denied petitioner's application for a writ of habeas corpus.  The court entered judgment on the same day.  On April 24, 2001, Judge Burrell denied petitioner's request for a certificate of appealability.  On December 24, 2001, the Ninth Circuit Court of Appeals also denied petitioner's request for a certificate of appealability.

## ANALYSIS

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ."  28 U.S.C. § 2244(b)(2).  This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).  Before filing a second or successive petition in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

As noted above, the court's own records reveal that petitioner previously filed a petition for writ of habeas corpus in this court attacking the same state court conviction and sentence that he now seeks to challenge in this federal habeas proceeding.  In his previously-filed habeas action, this court denied petitioner's application for writ of habeas corpus on the merits.  See

---

[1] A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

Sosa-Olivares v. Hubbard, No. 2:99-cv-1214 GEB JFM P.  As such, petitioner was required to obtain authorization from the Ninth Circuit before filing his petition in this court.  To date, petitioner has not obtained an order from the Ninth Circuit authorizing the district court to consider a second or successive petition as required to proceed in this habeas action.  Accordingly, this court lacks jurisdiction to entertain the now pending petition.  See Burton v. Stewart, 549 U.S. 147, 152 (2007).

For all the foregoing reasons, the court will dismiss the instant petition without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive federal habeas petition.[2]

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's application to proceed in forma pauperis (Doc. No. 2) is granted;

2.  Petitioner's application for a writ of habeas corpus is dismissed without prejudice to its refiling with a copy of an order from the Ninth Circuit Court of Appeals authorizing petitioner to file a second or successive petition;

3. The court declines to issue a certificate of appealability; and

4.  This action is closed.

Dated:  December 15, 2014

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
sosa2457.156

---

[2] Petitioner has consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636.  (Doc. No. 4)